DAVID SHIMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 41139.   Promulgated November 12, 1930.

*Albert I. Coe, C. P. A.*, for the petitioner.
*W. F. Gibbs, Esq.*, for the respondent.

OPINION.

TRAMMELL: The respondent denied the deduction of $10,000 claimed in this case apparently upon the ground that the petitioner voluntarily forgave the debt, and in his argument he takes the position that no debt is shown. to have existed, that the payment by the petitioner constituted a gift, but in any event if this was a debt it was forgiven by the petitioner.

It is alleged in the petition that the petitioner believed that any losses that might be sustained on account of the transaction would be paid by Oppenheim. This allegation in the petition was denied in the answer, and there is no testimony on this point. There is no testimony that Oppenheim ever agreed to repay the petitioner any of the amounts which might have been advanced or paid by him, either in writing or orally. There is no testimony that the petitioner ever asked Oppenheim to pay. He did ask Oppenheim what his financial condition was. When the burden of proof is upon the petitioner to show a bona fide indebtedness, which the petitioner expected would be repaid, there should be some evidence on this question aside from the evidence of the payment and the financial condition of the debtor. Oppenheim was the petitioner's

brother-in-law and it appears that the petitioner himself had some interest in one or more of the accounts which he had guaranteed. The letter of guarantee was for four accounts and at least one of the accounts carried in the name of Oppenheim was the petitioner's account. In the Oppenheim loan account, which is the particular account on which petitioner paid the $10,000 on October 28, 1924, which gives rise to this controversy, it appears that there were certain securities belonging to the petitioner placed in the account before the aforesaid payment was made. After the payment by the petitioner on the account of Oppenheim, dividends were paid to Oppenheim on securities included in the account. Oppenheim returned these dividends and had them made payable to the petitioner, to whom the securities belonged.

The petitioner did not testify in this case and offered no testimony as to whether he considered that the transaction gave rise to a debt or on the question of forgiveness. The fact that the petitioner paid out the money and the testimony as to the financial condition of Oppenheim are not sufficient on these points. We do not think that the fact that the payment by the petitioner was pursuant to his written guarantee is sufficient under the facts and circumstances of the case to show the creation of the relationship of debtor and creditor or that if any indebtedness were created that it was not forgiven, even if it be conceded that an implied contract to repay any amounts paid out by the petitioner would have arisen between parties dealing at arm's length. It was doubtless the relationship between the parties which was the principal basis for the Commissioner's determination in this case. The petitioner should have introduced some evidence to overcome the presumption of the Commissioner's determination. From the testimony in this case it may well be that there was a gift made by the petitioner to Oppenheim or that the petitioner voluntarily forgave the indebtedness if one existed.

While the petitioner does not contend in this case that he is entitled to a deduction on account of a loss sustained otherwise than as a bad debt, we do not think that there is any merit in this theory. The only other basis on which he would be entitled to a deductible loss would be on account of a loss incurred in trade or business or in a transaction entered into for profit not connected with his trade or business. It is clear that any loss sustained in this transaction was not in connection with the petitioner's trade or business, nor do we think that it arose from any transaction entered into for profit.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*